**IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA**

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff-Respondent, ) | |
| ) | |
| vs. ) | Case No. CR-02-200-M |
| ) | (CIV-08-786-M) |
| JESSE LYNN MILLS, JR., ) | |
| ) | |
| Defendant-Movant. ) | |

## ORDER

Defendant-Movant Jesse Lynn Mills, Jr. ("Mills"), a federal prisoner, filed a "Petition Under 28 U.S.C. § 2255 To Vacate, Set Aside, Or Correct Sentence By A Person In Federal Custody" and a memorandum in support on July 28, 2008. On September 25, 2008, plaintiff-respondent United States of America filed its response, and on October 8, 2008, Mills filed his reply.

I.   Background

On November 6, 2002, the grand jury returned a one-count Indictment against Mills, charging him with being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1) and 18 U.S.C. § 924(e)(1). On December 10, 2002, Mills pled guilty to the Indictment. On March 27, 2003, Mills was sentenced to a term of imprisonment of 180 months to run consecutive to the remaining sentence in his state court case. Mills did not appeal his sentence or conviction. Over five years later, on July 28, 2008, Mills filed the instant § 2255 motion.

II.   Discussion

Mills asserts one ground in support of his § 2255 motion. Based upon the United States Supreme Court's recent decision in *District of Columbia v. Heller*, — U.S. —, 128 S. Ct. 2783 (2008), Mills asserts that his conviction was obtained by use of an unconstitutional statute, 18 U.S.C.

§ 922(g)(1), in violation of the Second Amendment. In *United States v. McCane*, 573 F.3d 1037 (10th Cir. 2009), the Tenth Circuit recently rejected such an argument:

> [Defendant] first argues that in light of the Supreme Court's decision in *Heller*, in which the Court held that the Second Amendment provides an individual with a right to possess and use a handgun for lawful purposes within the home, 128 S. Ct. at 2822, § 922(g) violates the Second Amendment. The Supreme Court, however, explicitly stated in *Heller* that "nothing in our opinion should be taken to cast doubt on longstanding prohibitions on the possession of firearms by felons." 128 S. Ct. at 2816-17; *see also United States v. Anderson*, 559 F.3d 348, 352 & n.6 (5th Cir. 2009) (rejecting the argument that § 922(g) is unconstitutional in light of *Heller*).

*Id.* at 1047. Accordingly, based upon *McCane*, the Court finds that Mills' § 2255 motion should be denied.

III.   Evidentiary Hearing

As set forth above, Mills' motion does not set forth a basis for relief. Because that conclusion is conclusively shown from the record and from the nature of Mills' claim, the Court finds there is no need for an evidentiary hearing on this motion. *United States v. Galloway*, 56 F.3d 1239, 1240 n.1 (10th Cir. 1995); *United States v. Marr*, 856 F.2d 1471 (10th Cir. 1988); 28 U.S.C. § 2255.

IV.   Conclusion

For the reasons set forth above, the Court DENIES Mills' "Petition Under 28 U.S.C. § 2255 To Vacate, Set Aside, Or Correct Sentence By A Person In Federal Custody."

**IT IS SO ORDERED this 10th day of November, 2009.**

VICKI MILES-LaGRANGE
CHIEF UNITED STATES DISTRICT JUDGE